## BOOKNAU v. BURNETT.

1. **Mortgage:** FORECLOSURE : PROMISSORY NOTE.   A mortgage provided that if default be made in the payment of annual interest the whole debt should become due, and the mortgage subject to foreclosure; upon a trial it was determined that only a part of the consideration of the note and mortgage had been paid, and that a balance was due the maker of the note:  *Held,* that the mortgagee was not entitled to a foreclosure for the whole amount of the note, but only for the amount of interest due at the date of the decree.

*Appeal from Poweshiek Circuit Court.*

WEDNESDAY, OCTOBER 23.

ACTION to foreclose a mortgage given to secure the payment of a promissory note, of which the following is a copy:

"On or before the 1st day of November, 1885, for value received, I promise to pay to the order of Henry Booknau two thousand dollars, with interest from date until paid, at the rate of ten per cent per annum, payable annually, and reasonable attorney's fee, if suit is commenced on this note.

"(Signed)　　　　　　　　　. HELEN O. BURNETT."

The mortgage contains a stipulation that if default be made in the payment of the annual interest on the note, or if the taxes upon the mortgaged property shall remain unpaid for three months after becoming due, the whole indebtedness shall become due, and a foreclosure may at once be had for principal, interest, costs, taxes and attorney's fee.

It is averred that one year's interest matured October 26, 1874, which has not been paid, and that, therefore, the note is now due.

The answer admits the execution of the note and mortgage, and avers that plaintiff contracted with defendant to cause a dwelling-house to be erected for her, on the lots described in the mortgage; that in pursuance of said contract the plaintiff commenced the erection of the house, and, before its completion, demanded the note and mortgage, which were given by defendant in consideration that plaintiff would pay the cost of the building, the cost of any furniture which plaintiff should purchase for defendant, and pay to one Scott a prior mortgage upon said property, and the payment of money which plaintiff should make to and for defendant for other purposes, which was to be sufficient to make the whole amount paid by plaintiff for defendant equal to the amount of the mortgage; that when the note and mortgage were made but a small part of said items had been paid, and it was agreed that the matter should be left open for further settlement, and if all the money paid by plaintiff for defendant in and about the erection of the building, and for furniture, and to extinguish the prior mortgage, should not equal two thousand dollars, the plaintiff was to pay defendant an amount sufficient to make up the deficiency.

Booknau v. Burnett.

It is averred that plaintiff paid only the sum of one thousand five hundred and sixty-three dollars and ninety-seven cents, and that for any amount in excess of that sum the note and mortgage are without consideration.

Defendant also sets up a counter-claim against plaintiff, being an account for boarding, washing, etc., amounting to ninety-four dollars and five cents.

It is averred that no part of said note is due, because the plaintiff has all the time had in his hands more than sufficient money to pay the interest, which, under his said agreement, he should have paid to her as part of the consideration named in the note.

Defendant asks that an accounting be had between the parties, and a decree entered fixing the amount of the indebtness founded upon the note and mortgage, and declaring the same not due.

The plaintiff replied by averring a settlement of the counter-claim, and that upon such settlement there was due the plaintiff the sum of seven dollars and ten cents, and that on July 14, 1875, he loaned to defendant two hundred dollars, no part of which has been paid. He also denied that it was agreed he should pay the prior mortgage upon the property, and denied that the amount thereof was included in the note and mortgage in suit. He asks for judgment for two hundred and seven dollars and ten cents, in addition to the judgment prayed for in the petition.

The cause was tried to the court, and it was found that the consideration of the note in suit was money advanced by plaintiff, and paid for the use and benefit of the defendant, and that the true consideration of the note was one thousand six hundred and seventy-four dollars and ten cents. This amount was afterward, on motion, reduced by deducting seventy dollars therefrom, making the consideration, as finally found by the court, one thousand six hundred and four dollars and ten cents. Judgment was rendered for the amount thus found to be due, with interest thereon at ten per cent

from the date of the note, and costs of the suit, with an attorney's fee of seventy-five dollars. It was adjudged that the principal of the note became due because the defendant failed to pay the interest and the taxes upon the property.

Defendant appeals.

*Matt. Phelps* and *W. R. Lewis*, for appellant.

No appearance for appellee.

ROTHROCK, CH. J.—The plaintiff testified in the court below that he had expended and advanced for the defendant the full

1. MORTGAGE: foreclosure: promissory note.

sum of two thousand dollars, and that, therefore, there was no failure or partial want of consideration for the note. The court found otherwise, and the plaintiff has not appealed. The defendant, in prosecuting her appeal, does not claim that the finding of the court was in too great an amount. We will, therefore, consider that question as settled, and the amount of the principal of the note as fixed at one thousand six hundred and four dollars and ten cents.

We have not been favored with an argument upon the part of plaintiff, but, from the pleadings and the evidence introduced by him, as we understand the record, he did not claim that he should have a judgment for two thousand dollars of principal, unless it should appear that he had advanced for or paid the defendant that amount. He did not pay the amount named in the note. There was nearly four hundred dollars of the amount named which was without any consideration whatever. The loan was made for a term of ten years, with the provision that for a default in the payment of the annual interest or taxes the whole amount should become due. We are at a loss to discover how she could be in default upon this contract, at least, beyond the interest actually due. She had the right to call upon the plaintiff for the payment of nearly four hundred dollars in performance of his contract. He demanded interest, not upon the money actually advanced by

him, but upon the whole two thousand dollars. He had no right to make this demand, and the defendant was not in default for refusing to pay it. The amount was a subject of dispute between the parties. It never was ascertained until fixed by the decree of the court, and we think all that the plaintiff can reasonably ask under his contract is the interest payable annually, not on two thousand dollars, but upon one thousand six hundred and four dollars and ten cents. To this extent he should have the right to foreclose the mortgage, leaving the principal debt to become due by lapse of time, or by some future default in the payment of annual interest.

In our opinion the decree should be a foreclosure for interest, payable annually, on one thousand six hundred and four dollars and ten cents from the date of the note to the present time. The defendant should pay the costs made in the court below, and plaintiff should pay the costs in this court, and in view of the fact that this foreclosure is for an inconsiderable amount the attorney's fee should be reduced to twenty-five dollars. A decree in accord with this opinion will be entered in this court, or the cause will be remanded to the court below for that purpose, at the option of appellee.

REVERSED.